WARD, Judge,
dissenting.
I dissent. The trial judge committed plain error by not charging the jury that a reasonable doubt could arise from the lack of evidence produced by the State. The majority erroneously concludes that State v. Vessell, 450 So.2d 938 (La.1984), decided after the trial of this case, announced a new rule of law that would not be applied retroactively. That reasoning is flawed by overlooking the Code of Criminal Procedure, applicable to the trial of this case, and unchanged from 1966 to the present date.
Art. 804. Same; charge as to presumption of innocence, reasonable doubt, and several grades of offense
*1293 A. In all cases the judge shall charge the jury that:
* * # * * *
(2) It is the duty of the jury, in considering the evidence and in applying to that evidence the law given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case; and
* % # * * *
Questions of constitutional law need not enter into this inquiry if the trial court violated a state statute, as the trial court has in this case. The jury instructions were plainly erroneous, ignoring statutory mandates, and because of this error we should reverse Johnson’s conviction, and remand for a new trial.